USDC- GREENBELT
'23 OCT 2 PM 12:15

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| WYSAN R. LONGSTREET, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JEFF NINES, ) <br> MARYLAND ATTORNEY GENERAL, ) <br> ) <br> Respondents. ) | Civil Action No. 1:23-cv-0760-LKG <br><br> Dated: October 2, 2023 |

### MEMORANDUM OPINION

In response to the above-entitled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Respondents assert that Petitioner's claim of ineffective assistance of post-conviction counsel is not a cognizable ground for federal habeas relief and that the remaining claims are time-barred or procedurally defaulted. ECF No. 11. Self-represented Petitioner Wysan R. Longstreet filed a Reply to the Response (ECF No. 12) and has also filed a Motion to Appoint Counsel. ECF No. 10. Upon review of the pleadings filed, the Court finds that a hearing is not necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). In light of the determination that an evidentiary hearing is not necessary, Longstreet's Motion to Appoint Counsel shall be denied. *See* Rule 8(c), *Rules Governing Section 2254 Cases in the United States District Courts* ("[i]f an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel."). For the reasons stated below, the Petition shall be denied and a certificate of appealability shall not issue.

## I. BACKGROUND

The crime Longstreet was convicted of committing was summarized by the Circuit Court for Prince George's County in an opinion issued denying post-conviction relief.

> On February 24, 2009, Prince George's County police officers responded to a scene and found an unidentified African-American male laying in front of 1101 Kennebec Street, Oxon Hill, Maryland. He was later identified as Rene Belasco, and was pronounced dead early on February 25, 2009. A police investigation found that Petitioner, Wysan Longstreet, was involved in an argument and fight with Rene Belasco. More specifically, the victim had been inside a vacant apartment, which Mr. Longstreet had attempted to enter, but which was locked. Thereafter, the Petitioner waited with codefendant Sean Sykes in the common area of the apartment building. Eventually, after banging on the door, the victim came out of the apartment and a verbal argument turned physical. Petitioner produced a knife and stabbed the victim multiple times, killing him. Petitioner then unsuccessfully attempted to remove his body, leaving him on the sidewalk. The Petitioner and the codefendant then fled the area.

ECF No. 11-1 at 99-100.

Longstreet was indicted on July 30, 2009 in the Circuit Court for Prince George's County on charges of second-degree murder, first-degree assault, two counts of conspiracy, and carrying a dangerous weapon openly with intent to injure. ECF No. 11-1 at 7-8 (docket entries). Initially, Longstreet entered a plea of not criminally responsible on October 1, 2009 and was committed to the Maryland Department of Health[1] for purposes of assessing his competency to stand trial and his criminal responsibility. *Id.* at 100 (post-conviction opinion). Longstreet was found competent to stand trial on January 19, 2010. *Id.* The Maryland Department of Health issued a report stating, among other things, that Longstreet was competent and criminally responsible. *Id.*

On June 3, 2010, Longstreet entered an *Alford*[2] plea to second-degree murder and carrying a dangerous weapon, counts one and two of the indictment, and the remaining counts

---

[1] Formerly known as the Maryland Department of Health and Mental Hygiene.
[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

were "entered *nolle prosequi*." *Id*. Pursuant to the plea agreement Longstreet entered into, he was sentence to 30 years, all but 25 years suspended for second-degree murder and 3 years suspended to run consecutive to the 25-year sentence for the weapon charge, followed by three years of probation. *Id*. Longstreet was also ordered to pay $10,000 in restitution for Belasco's unpaid funeral expenses. *Id*. Longstreet did not file an application for leave to appeal. *Id*. at 8 (docket entries).

On June 17, 2010, Longstreet's trial counsel filed a motion for reconsideration of sentence as permitted by Md. Rule 4-345(e). ECF No. 11-1 at 14-15. The request made was to hold the motion *sub curia* and to later grant a hearing upon Longstreet's request. *Id*. at 14. To the extent Longstreet sought to have the motion held *sub curia*, the court granted the request on July 19, 2010. *Id*. at 16.

On April 27, 2015, Longstreet requested a hearing on the motion for reconsideration. ECF No. 11-1 at 43-44. Longstreet included a letter to the sentencing judge listing the rehabilitative programs he had participated in since his sentencing and included several certificates awarded for completion of those programs. *Id*. at 45-55. On July 30, 2015, the court granted Longstreet's request for a hearing and scheduled the hearing for September 4, 2015. *Id*. at 56.

On September 3, 2015, the State opposed Longstreet's motion for reconsideration of his sentences arguing that because he pleaded guilty pursuant to a binding plea agreement the court could not modify the sentences without the State's consent under Md. Rule 2-243(c)(3). ECF No. 11-1 at 57-58. The State did not consent to a reduction of Longstreet's sentences. *Id*. at 58. At the hearing on September 4, 2015, counsel for Longstreet told the court that he had advised Longstreet that he cannot ask the court to change his sentences unless the State agreed to it. ECF

3

No. 11-2 at 2 (hearing transcript). Counsel then asked the court to issue an order to evaluate Longstreet under Md. Code Ann., Health Gen. § 8-505, but clarified that he was not seeking an order of commitment for substance abuse treatment under Md. Code Ann., Health Gen. § 8-507. *Id*. at 2 and 5. The State also opposed the request for an 8-505 evaluation noting, *inter alia*, that the request differed from a motion filed pursuant to Md. Rule 4-345, in that such evaluations are "primarily for those people who have committed non-violent crimes due to their drug use," and that homicide does not qualify as a non-violent offense. *Id*. at 4. The court took the motion under advisement and the proceedings were concluded. *Id*. at 7. Handwritten docket entries indicate that the motion for modification was withdrawn and the motion for an 8-505 evaluation was taken under advisement. ECF No. 11-1 at 60.

On December 31, 2015, Longstreet filed another request for a hearing on his motion to modify sentence under Md. Rule 4-345. ECF No. 11-1 at 61-64. The State renewed its opposition to reconsideration of sentence, noting again the binding plea agreement and the lack of any authority of the judge to reduce a sentence pursuant to a binding plea agreement without the consent of the State.[3] *Id*. at 65, citing *State v. Certkov*, 95 Md. App. 104, 113 (1993). In an order issued on March 7, 2016 and "entered" on March 11, 2016, Longstreet's motion for reconsideration of sentence was summarily denied.

At the same time Longstreet was pursuing a modification of sentence, he was also seeking post-conviction relief. On May 16, 2012, Longstreet filed a post-conviction petition pro se, which was amended by counsel on October 17, 2013. ECF No. 11-1 at 17-25 (original petition), 26-32 (amended petition). The State responded to the petition. *Id*. at 33-37. On June

---

[3] The opposition filed by the State appears to be a duplicate of the opposition initially filed on September 3, 2015. *See* ECF No. 11-1 at 57-59 as compared to ECF No. 11-1 at 61-64.

4

3, 2014, an unopposed motion to withdraw the petition without prejudice was filed and subsequently granted on June 5, 2014. *Id*. at 38-42.

On November 14, 2016, Longstreet filed a second pro se post-conviction petition. ECF No. 11-1 at 68-77. On January 14, 2020, a counseled supplemental post-conviction petition was filed on Longstreet's behalf. *Id*. at 78-90. The State filed a response, however, the record before this Court does not include that response.[4] After a hearing was held on May 13, 2021, the Circuit Court for Prince George's County issued a Statement of Reasons and Order of the Court denying post-conviction relief on Longstreet's claim that he did not enter a knowing and voluntary plea because he was not advised of several critical rights, was not informed of the nature and elements of the charges to which he pled guilty, and the court did not ensure he was capable of understanding the rights he was waiving. ECF No. 11-1 at 99. The Statement of Reasons and Order was issued on July 5, 2022. *Id*. at 99-120.

Longstreet filed an application for leave to appeal the denial of post-conviction relief. ECF No. 11-1 at 121-32. The application was denied by the Appellate Court of Maryland, then known as the Court of Special Appeals, without opinion on February 6, 2023. *Id*. at 137-39.

Longstreet's Petition for Writ of Habeas Corpus is deemed filed with this Court on March 15, 2023, the date indicated on the envelope stating it was deposited for mailing with the prison. ECF No. 1-2 at 2. In his petition, Longstreet claims that his plea was involuntary, his right to due process was violated because the indictment did not have any "seals" on it, and post-conviction counsel was ineffective. ECF No. 1-1 at 2-3.

---

[4] The response included in the record was filed in a case concerning a criminal defendant named Deven Angel Matos. *See* ECF No. 11-1 at 91-98.

## II. DISCUSSION

Before the merits of Longstreet's claims may be addressed, this Court must determine whether the claim regarding post-conviction counsel is cognizable and whether the remaining claims have been filed in a timely manner.

### A. Cognizability

Longstreet claims that post-conviction counsel rendered ineffective assistance of counsel when she did not raise the issue regarding the absence of seals on his "true bill" despite the fact that he "begged her to do so for years." ECF No. 1-1 at 2. As a result of her refusal, Longstreet claims he was "forced to file a complaint" against her with the Attorney Grievance Commission. *Id*. at 3.

Absent violation of a constitutional right or federal law, a federal habeas petitioner fails to state a cognizable claim for relief. *Wilson v. Corcoran*, 562 U.S. 1, 1 (2011) (holding courts may not issue writs of habeas corpus to prisoners whose confinement does not violate federal law."); *Spencer v. Murray*, 18 F.3d 267, 239-40 (4th Cir. 1995) (holding where petitioner alleged error in admissibility of evidence, without reference to any constitutional right infringed, petitioner failed to state a claim.). Longstreet asserts that his post-conviction counsel rendered ineffective assistance of counsel when she declined to raise a claim that the indictment was defective because it lacked a seal with a signature by the Governor for the State of Maryland. ECF No. 1-1 at 2-3. He states she refused to mention the issue despite the fact that he begged her to raise it "for years." *Id*. at 2. A claim that post-conviction counsel was ineffective does not state a federal claim because there is no constitutional right to post-conviction counsel. *See Shinn v. Ramirez*, _ U.S. _, 142 S.Ct. 1718, 1734-35 (2023) (post-conviction counsel's negligent failure to develop the state record is attributed to the prisoner-petitioner because there is no federal right to post-conviction). Longstreet is not entitled to federal habeas relief on this claim.

6

**B.     Timeliness**

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

The operative date for determining whether Longstreet's petition was filed within the one-year limitations period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). There is

no basis on this record to use any of the other operative dates to calculate the one-year filing period. §§ 2244(d)(1)(B) – (D).

Longstreet's conviction was final thirty days after the date he entered his June 3, 2010 plea, which is July 5, 2010. Absent any events that tolled the one-year limitations period, Longstreet had until July 6, 2011 to file his federal habeas petition. Here, Longstreet filed a motion for reconsideration under Md. Rule 4-345(e) on June 17, 2010. Pursuant to *Mitchell v. Green*, 922 F.3d 187, 198 (4th Cir. 2019), such motions operate to toll the limitations period because motions brought pursuant to Md. Rule 4-345(e) are collateral proceedings within the meaning of 28 U.S.C. § 2244(d)(2). This is so even if the motion is no more than a placeholder.[5]

A motion for modification of sentence filed pursuant to Md. Rule 4-345(e) must be filed within 90 days after imposition of a sentence. The rule states that "the court has revisory power over the sentence except that it may not revise the sentence after the expiration of five years from the date the sentence originally was imposed . . . and it may not increase the sentence." Md. Rule 4-345(e). If Longstreet's motion for modification of sentence remained pending for five years or more, the court's revisory power over the sentence expired by operation of law on the five-year anniversary of his sentencing date, June 3, 2015.

The issue here is whether Longstreet's Rule 4-345(e) motion falls within a limited exception to the five-year expiration. Respondents explain that the Appellate Court of Maryland held in *Schlick v. State*, 238 Md. App. 681 (2018) ("*Schlick I*") that the five-year limit on a trial court's revisory power over a sentence pursuant to Rule 4-345(e) is extended under equitable

---

[5] Respondents have refused to concede that a "placeholder" motion for modification pursuant to Md. Rule 4-345(e) is sufficient to be considered a collateral review request. *See* ECF No. 11 at 21, n. 6. This Court again declines to adopt that position. *See e.g.*, *Burrus v. Weber*, SAG-20-cv-2109, 2023 WL 2914759, * 3-4, (D. Md. 2023), *Williams v. Maryland Att'y Gen.*, ELH 22-cv-75, 2022 WL 2176858 at *4 (D. Md. 2022), *Drummond v. Morgan*, LKG 20-cv-659, 2022 WL 16838857 at *5 (D. Md. 2022), *Maietta v. Gelsinger*, PX-19-cv-2185, 2021 WL 3618054, *1 (D. Md. 2021).

8

principles where, through no fault of the petitioner, a hearing is not held within the five-year limitation period. *Id.* at 692-94. In that decision, the Appellate Court noted that there could be "any number of reasons it may be impossible or impractical for a judge to act promptly upon a motion for reduction of sentence filed with the court before expiration of the five-year period" and those issues "should not be visited upon the prisoner." *Id.* at 692-93. The Supreme Court of Maryland, formerly the Court of Appeals, granted certiorari in *Schlick I* and declined to conclude on the facts of the case that the lower court retained indefinite jurisdiction to modify a sentence beyond the five-year period proscribed by Md. Rule 4-345(e). *State v. Schlick*, 465 Md. 566, 586, n. 7 (2019) ("*Schlick II*"). The decision in *Schlick II* focused instead on the starting date of the five-year period on the facts involved in that case.

Notwithstanding any uncertainty in Maryland law that may have arisen through *Schlick I* and *Schlick II*, Respondents maintain that assuming *Schlick I* is still good law after the issuance of the opinion in *Schlick II*, Longstreet's motion for modification ceased to be pending on the date of the hearing, September 4, 2015. Under the holding in *Schlick I*, Longstreet's April 27, 2015 request for a hearing on his pending motion one month before the revisory power of the court expired, was not ruled upon until July 23, 2015, after the five-year period expired and that delay should not disadvantage Longstreet. At the hearing, however, the motion for modification was withdrawn by counsel and was orally amended to request a different remedy, an evaluation under Md. Code Ann., Health Gen. § 8-505.

> MR. McKENNA: [counsel for Longstreet] We are here today on a motion for reconsideration filed in this case. I've explained to Mr. Longstreet this was an ABA or binding plea that the court agreed to bind itself to. State agreed to the sentence. I agreed to the sentence, Your Honor. Because it's a binding plea, we cannot ask the court to reconsider the sentence unless we can get the State to agree. He's understands [sic] that I also filed a request for an 8-505 evaluation, Your Honor. I would ask, and I don't think the State would object, I would ask the court to sign the 8-505 order and just permit the evaluation to

9

> be done. And I think he withdraws without prejudice his request for reconsideration at this time –

ECF No. 11-2 at 2. Following this statement by counsel for Longstreet, the hearing focused on whether Longstreet was a viable candidate for an 8-505 evaluation. *Id*. at 3-5. Respondents maintain that such a request does not operate to toll the federal habeas limitations period and this Court agrees.

The one-year federal habeas filing limitation was tolled from June 17, 2010 through September 4, 2015. On September 4, 2015, the one-year limitation period began running again and expired on September 4, 2016, because Longstreet did not have "a properly filed application for State post-conviction or other collateral review" pending during that one year period. 28 U.S.C. § 2244(d)(2). Longstreet did not file another petition for post-conviction relief until November 14, 2016, two months after the expiration of the one-year limitations period.[6] To the extent that Longstreet argues that he had one-year from the time his post-conviction proceedings concluded to file his petition with this Court, he is mistaken. ECF No. 12 at 5.

Longstreet argues that the 8-505 evaluation request should operate to toll the limitations period. ECF No. 12 at 5-8. This section of the statute pertains only to an evaluation for treatment and governs who the criminal trial court may order evaluated by the Department of Health, where persons who are to be evaluated may be confined if necessary, and the manner in which the evaluation is presented to the court that ordered it. Md. Code Ann., Health Gen. § 8-505(b)-(e). It is only after a § 8-505 evaluation has been conducted that the criminal court may order the defendant to be delivered to the Department of Health for treatment and the court may not do so "until: (i) Any detainer based on an untried indictment, information, warrant, or

---

[6] Longstreet's initial post-conviction petition filed on May 16, 2012 and withdrawn on June 5, 2014, overlapped with his motion for modification of sentence and did not operate to add to the period of time the one-year filing deadline was tolled.

complaint for the defendant has been removed; and (ii) Any sentence of incarceration for the defendant is no longer in effect." *Id*. at § 8-507(e)(1). The court granting a § 8-507 motion is required to suspend the defendant's sentence before he or she may be delivered to the Department of Health. *See Howsare v. State*, 185 Md. App. 369, 387-88 (2009) (the only way a court can order treatment is to suspend the executed portion of the sentence). This Court has previously held that:

> [A]n evaluation ordered pursuant to ... § 8-505 is merely the first step and an additional motion is required for relief under § 8-507. Thus, while [Petitioner's] § 8-505 motion began the process, there was no consideration given at the hearing on his § 8-505 motion to whether [Petitioner's] sentence(s) should or would be suspended. The only issue before the State court at the time his § 8-505 motion was pending was whether, in light of [Petitioner's] history, he should be evaluated to determine if he was amenable to drug or alcohol treatment. A favorable ruling on the motion changed nothing about the duration of [Petitioner's] sentence, the validity of his conviction, or his legal custodian (*i.e.*, [Department of Health] or the Division of Correction). Thus, the § 8-505 motion bore none of the hallmarks of a collateral review proceeding. There was no consideration of whether the sentence originally imposed was too severe, nor was there any discretionary review of that sentence, *see Kholi*, 562 U.S. at 551-52 (discussing meaning of collateral review). [Petitioner's] need for drug treatment was the only determination made.

*Dicks v. Bishop*, Civ. No. GLR-17-793, 2021 WL 5742232 at *5 (D. Md. 2021). In Longstreet's case, the matter taken "under advisement" by the State court was whether he should receive an evaluation. Had the court ruled that Longstreet was eligible for such an evaluation, his sentences would have remained undisturbed unless or until he was given consideration under § 8-507 and the remainder of his sentences were suspended. After the September 4, 2015 hearing, nothing remained pending in Longstreet's case that operated to toll the federal habeas limitations period.

As a basis for equitable tolling, Longstreet implies that counsel rendered ineffective assistance in connection with the September 4, 2015 hearing when the motion for modification was withdrawn. ECF No. 12 at 10-11. To be entitled to equitable tolling, a federal habeas

11

petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330.  "[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) quoting *Harris*, 209 F.3d at 330. Assuming without deciding that Longstreet's counsel erred[7] when he withdrew the motion for modification, that error does not amount to an "extraordinary circumstance." *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (lawyer's miscalculation of limitations period is not a basis for equitable tolling); *see also Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (lawyer's decision to mail petition by ordinary mail instead of expedited delivery not basis for equitable tolling); *Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003) (declining to apply equitable tolling where attorney error caused a deadline to be missed by one day in death penalty case). The actions of Longstreet's counsel are therefore not a sufficient basis for equitable tolling.

Longstreet also argues that various documents that were not included with Respondents' Answer are relevant to the tolling argument.  ECF No. 12 at 10.  Longstreet claims that the documents he lists "would reveal the issue regarding Mr. McKenna and the fact that my reconsideration motions were still pending until March 7, 2016." *Id*.  The documents that Longstreet believes would support his argument are his self-published book, his business plans, both of his pro se § 8-505 motions, the true bill and indictment, a letter from a psychologist at Roxbury Correctional Institution where Longstreet was incarcerated, Social Security documents

---

[7] The record before the Court makes it abundantly clear that Longstreet's sentence could not be modified or reduced unless the State consented because his plea agreement was binding. When the State declined to consent, counsel was left with little choice but to withdraw the motion and advance a different argument regarding an 8-505 evaluation.

related to Longstreet's receipt of "SSI benefits," transcript of the plea hearing, report from Clifton T. Perkins Hospital Center, his tradename certificates for his foundation and books, documents submitted to the Circuit Court on January 20, 2016 by Jason Rodriguez, Judge Jackson's March 7, 2016 order,[8] an October 1, 2015 letter Longstreet sent to the Circuit Court complaining about Mr. McKenna's presence at the September 4, 2015 hearing, an application for public defender representation sent after the September 4, 2015 hearing, and the complaint Longstreet filed against Mr. McKenna with the Attorney Grievance Commission. *Id.* at 9-10. Longstreet offers no real explanation as to how these documents are relevant to the issue of equitable tolling. As already noted, any error committed by Mr. McKenna, real or imagined, is not a viable basis under the circumstances presented for equitable tolling. To the extent that Longstreet implies he is deserving of an extraordinary remedy due to his efforts to better himself, the unfortunate reality is that those efforts, laudable as they may be, are not a viable basis for equitable tolling.

The petition was filed outside of the one-year limitations period and must therefore be dismissed without reaching the merits of the claims raised.

### III.   CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017).

---

[8] The order signed by Judge Jackson on March 7, 2016 was submitted with the State Record documents. ECF No. 11-1 at 67 ("SR" 62).

13

Because Longstreet fails to satisfy this standard, the Court declines to issue a certificate of appealability. Longstreet may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Longstreet's Motion to Appoint Counsel and the Petition for Writ of Habeas Corpus. and will decline to issue a Certificate of Appealability. A separate Order follows.

10-2-2023
Date

LYDIA KAY GRIGGSBY
United States District Judge

14